RECEIVED
USDC, WESTERN DISTRICT OF L
TONY R. MOORE, CLERK
4/23/15
yT

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **REGINALD RAYMOND (#178847)** | DOCKET NO. 15-CV-395; SEC. P |
| **VERSUS** | JUDGE DRELL |
| **DEFENDANTS** | MAGISTRATE JUDGE KIRK |

<u>REPORT AND RECOMMENDATION</u>

Pro se Plaintiff Reginald Raymond filed the instant civil rights complaint *in forma pauperis* and pursuant to 42 U.S.C. §1983. Plaintiff is incarcerated at the Avoyelles Correctional Center in Cottonport, Louisiana. He complains that he received delayed medical care in violation of his constitutional rights. He failed to specify any individual as a defendant in his complaint, but in a subsequently filed document entitled "Statement of Case," [Doc. #6] Plaintiff alleges that Lt. Shelby Bernard failed to ensure that he obtained timely medical treatment.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

*Factual Allegations*

Plaintiff alleges that on the evening of February 20, 2014, he was involved in a physical fight that resulted in a broken hand and wrist, and was written up and placed in lock-down for approximately 8 or 9 hours before he saw anyone from the medical department. [Doc. #1, p.8] Eventually, Plaintiff saw a nurse, but then had to wait another eight or nine hours before seeing a physician. The

physician immediately ordered that Plaintiff be transported to the hospital for treatment. Plaintiff complains that he was made to suffer in pain from the broken hand/wrist for 18-20 hours.

The responses to his Administrative Remedy Procedure confirms that Plaintiff was examined approximately eight hours after his fight and his placement in the "cell block." [Doc. #1, p.10] The response also provides that according to AVC's policy, medical staff must perform an assessment within ten hours of the incident. Plaintiff was assessed, provided medication, and placed on the callout to see the physician within ten hours of the incident. He was seen by the physician the following day, on February 21, 2014. He was provided medication for pain and sent to the hospital for x-rays. He was also examined by an orthopedic specialist.

### *Law and Analysis*

Plaintiff seeks monetary damages for a delay in medical care. "Delay in medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference that results in substantial harm." Easter v. Powell, 467 F.3d 459, 463 (5th Cir. 2006). A prison official acts with deliberate indifference if he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994); see Reeves v. Collins, 27 F.3d 174,

2

176-77 (5th Cir. 1994)(applying <u>Farmer</u> to medical care claim).

First, Plaintiff has not alleged that the eight-hour delay caused substantial harm. The delay did not result in a worsening or exacerbation of Plaintiff's condition or injuries. Moreover, there is no allegation of deliberate indifference. Plaintiff was examined within the time frame established by AVC's policies and procedures. The incident occurred between 5:00 and 6:00 p.m. A nurse saw Plaintiff in lockdown at 2:12 a.m., provided him with medication for pain and discomfort, and placed him on callout to see the doctor. [Doc. #1, p.10] He saw the doctor the next morning, received more medication for pain and discomfort, and was sent to the hospital. Even in the free world, Plaintiff may have had to wait up to eight or more hours for medical treatment. Additionally, Plaintiff has not alleged, nor has he provided any facts indicating, that this delay was an intentional act by the defendants for the purpose of causing Plaintiff harm.

*Conclusion*

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's complaint be **DENIED** and **DISMISSED WITH PREJUDICE** under 28 U.S.C. §1915(e)(2)(B) and 1915A.

*Objections*

**Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific,**

written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.**

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 23rd day of April, 2015.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE